UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| JARROD BEACH,<br><br>        Plaintiff,<br><br>v.<br><br>P.N. FINANCIAL & ASSOCIATES, also known as P.N. FINANCIAL, INC., and JOHN T. SULLIVAN, Individually,<br><br>        Defendants. | CASE No. 10-4480 (DWF/TNL)<br><br>**REPORT & RECOMMENDATION** |

Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for Plaintiff.

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, following the Order on Motion and Order to Show Cause (Docket No. 14). For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (DOCKET NO. 1) be dismissed without prejudice for failure to perfect service and failure to prosecute, and that judgment be entered accordingly.

## II.  BACKGROUND

Plaintiff Jarrod Beach attempted to serve process on Defendants for over one year. Plaintiff filed his Complaint on November 5, 2010. *See* DOCKET NO. 1. Summons were issued on November 5, 2010, and reissued on January 10, 2011.  On March 21, 2011,

Plaintiff was ordered to provide proof of service or show good cause for an extension of time to serve Defendants. *See* DOCKET NO. 2. On March 31, 2011, Plaintiff's counsel filed an affidavit (DOCKET NO. 4), averring that Plaintiff had served one Defendant (who was later dismissed) and Plaintiff's attempts to serve the other Defendants had not been fruitful. Plaintiff requested a 60-day extension to serve Defendants P.N. Financial & Associates and John T. Sullivan. By Order (DOCKET NO. 5), dated April 18, 2011, Plaintiff's time to serve Defendants was extended.

On September 23, 2011, Plaintiff's counsel reported to the Court, in part, as follows:

> 7. Plaintiff has attempted to effectuate service on Defendant P.N. Financial & Associates a/k/a P.N. Financial Inc. on the following occasions and locations:
> - 3.3.11, 3.5.11, 3.7.11, and 3.15.11 at the address of 8117 Kenneth Avenue, Skokie, IL 60076
> - 3.3.11 at 7330 North Cicero Avenue, Lincolnwood, IL 60712
> - 1.20.11 at 700 Florsheim Drive, Libertyville, IL 60048
> - 1.20.11 and 1.22.11 at 8117 Kenneth Avenue, Skokie, IL 60076
>
> 8. Through additional research we found that P.N. Financial, Inc.'s registered agent is now listed as Erik Swanson, 1701 Golf Road, Tower Two, Suite 100, Rolling Meadows, IL. Unfortunately, according to our process server who has attempted service at this location, that Mr. Swanson only comes in at night to grab his mail. . . .
>
> 9. Through further internet research we had located an additional possible address, namely, 301 Greentree Parkway, Libertyville, IL 60048. We directed our process server to attempt service at this address on March 28, 2011. Once again the attempts at these addresses were not successful. (*See* attached Exhibit 3).

> 10. Plaintiff has surmised through research that Defendant John T. Sullivan the alleged author/attorney of the collection letters attached to the Complaint is a fiction and to this end most likely will not be served.
>
> 11. Plaintiff's bank records show that Defendant Commonwealth, through its division called NCC or Northeastern Credit Corporation, processed and received the payments.

Aff. Lyons, at ¶¶ 7-11, Sept. 23, 2011.

Thereafter, Plaintiff moved this Court for leave to serve a subpoena *deuces tecum* under Fed. R. Civ. P. 45 on Plaintiff's bank. *See* DOCKET NO. 12. Plaintiff believed that serving a subpoena deuces tecum was the only way to obtain "additional information leading to physical address locations for service of process for one or all of the Defendants [is] to follow the money that was taken from Plaintiff's bank account." Aff. Lyons, at ¶ 12, Oct. 25, 2011. Plaintiff, however, went on to request "that the Court allow Plaintiff to serve a FRCP Rule 45 subpoena on Plaintiff's bank – U.S. Bank – to obtain its records for Northeastern Credit Corporation." *Id.* at ¶ 13.

By Order, dated November 7, 2011, (DOCKET NO. 14) this Court denied Plaintiff's Motion for Leave to Allow Plaintiff to Serve a FRCP 45 Subpoena (DOCKET NO. 12) and ordered as follows:

> Within 20 days of the date of this Order, Plaintiff shall provide proof of service or show good cause for an extension of time to serve the Defendants. If Plaintiff fails to comply with these directives, the undersigned will recommend that this action be dismissed without prejudice for failure to effect proper service and failure to prosecute.

DOCKET NO. 14.

To date, no proof of service has been filed and Plaintiff has made no showing of good cause for extension of time to serve Defendants.

### III. ANALYSIS

Under Fed. R. Civ. P. 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Furthermore, a district court may sua sponte dismiss an action under Rule 41(b) of the Federal Rules of Civil Procedure for the plaintiff's failure to prosecute or comply with a court order. *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006).

In this matter, Plaintiff has been expressly granted one extension for serving Defendants.[1]  To date Plaintiff has not filed proof of service as ordered.  Plaintiff's past attempts to serve process do not constitute good cause for an additional extension. Furthermore, Plaintiff has made no showing of good cause to support an extension or to support that this matter should not be dismissed without prejudice.

Therefore, this Court recommends that Plaintiff's Complaint (DOCKET NO. 1) be dismissed without prejudice under Fed. R. Civ. P. 4(m) and 41(b).

---

[1] Plaintiff was implicitly granted a second continuance given that there was no recommendation of dismissal after the first 60-day continuance elapsed.

## IV. RECOMMEDATION

Based on the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (DOCKET NO. 1) be dismissed without prejudice for failure to perfect service and failure to prosecute, and that judgment be entered accordingly.

Dated: Dec. 15, 2011

                                        *s/ Tony N. Leung*
                                        Magistrate Judge Tony N. Leung
                                        United States District Court

                                        CASE NO. 10-4480 (DWF/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 1, 2012 .